IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ARIELLA KLEIN, individually,<br><br>         Appellant,<br><br>         v.<br><br>CRIS SIMMONS DDS PLLC (d/b/a WILLIAM C SIMMONS, DDS), a professional limited liability company licensed to do business in Washington State,<br><br>         Respondent. | No. 84141-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, A.C.J. — Ariella Klein challenges the trial court's dismissal of her claims against Cris Simmons DDS PLLC on summary judgment. Klein fails to establish that the trial court erred in any respect. Therefore, we affirm.

FACTS

In August 2018, Ariella Klein, a resident of New York, sought Simmons' services for temporomandibular joint (TMJ) therapy. Klein sent copies of her dental records and insurance card to Simmons' office in advance of her in-person appointment. According to Klein, her insurance company required preauthorization before it would cover the cost of TMJ therapy.

Simmons submitted the preauthorization form to Klein's insurer for a computed tomography scan of her face (Face CT) on August 23, 2018. Simmons performed the Face CT on August 28, 2018. That same day, Klein's insurer denied

preauthorization for the Face CT, as it deemed the procedure not medically necessary. Simmons submitted additional documentation to Klein's insurer and asked it to reconsider the denial. Allegedly, in January 2019, Klein contacted Simmons to express her frustration about the amount of time she had spent speaking to her insurer to obtain coverage for her TMJ treatment, which, she stated, was the result of Simmons' poor billing practices. Klein's insurer did not approve coverage for the Face CT until June 24, 2019.

Klein filed suit against Simmons for failure to obtain informed consent in violation of RCW 7.70.030(3), failure to follow the standard of care in violation of RCW 7.70.040, patient abandonment in violation of RCW 18.32.683, professional negligence, violation of the Consumer Protection Act[1] (CPA), unjust enrichment, and negligent infliction of emotional distress. On April 8, 2022, two months after Klein filed her first amended complaint, Simmons moved for summary judgment on all of Klein's claims. The trial court granted the motion and dismissed Klein's complaint with prejudice. Klein filed a motion for reconsideration, which the trial court denied.

Klein timely appealed.

ANALYSIS

I. Standard of Review

Klein appeals the trial court's order dismissing her claims for lack of informed consent, patient abandonment, violation of the CPA, unjust enrichment, and negligent infliction of emotional distress on Simmons' motion for summary

---

[1] Ch. 19.86 RCW.

judgment.[2]  Dismissal on summary judgment "shall" be ordered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  CR 56(c).  This court reviews an order of dismissal on a motion for summary judgment de novo, conducting the same inquiry as the trial court.  *Folsom v. Burger King*, 135 Wn.2d 658, 663, 958 P.2d 301 (1998); *Lakey v. Puget Sound Energy, Inc.*, 176 Wn.2d 909, 922, 296 P.3d 860 (2013).  We take "'all facts and inferences in the light most favorable to the nonmoving party.'"  *Jackowski v. Borchelt*, 174 Wn.2d 720, 729, 278 P.3d 1100 (2012) (quoting *Biggers v. City of Bainbridge Island*, 162 Wn.2d 683, 693, 169 P.3d 14 (2007)).  "We may affirm on any basis supported by the record whether or not the argument was made below."  *Bavand v. OneWest Bank, FSB*, 196 Wn. App. 813, 825, 385 P.3d 233 (2016).  A defendant may prevail on summary judgment if they make an initial showing that there is an "absence of an issue of material fact," and the plaintiff in response fails to establish a genuine question of material fact.  *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

II.     Informed Consent

Klein first asserts that the trial court erred by dismissing her claim for failure to obtain informed consent.  Klein contends that the trial court misinterpreted her claim as sounding in medical malpractice, when it should have been interpreted as a claim about Simmons' business practices.  We disagree.

---

[2] Klein does not challenge the dismissal of her claims for breach of the standard of care and professional negligence.

Contrary to Klein's assertion, the trial court did not misinterpret her claim. Klein's complaint specifically alleges that Simmons failed to obtain her informed consent in violation of RCW 7.70.030(3). Her contention that she intended to make some other form of informed consent claim is thus without merit.

"Informed consent focuses on the patient's right to know [their] bodily condition and to decide what should be done." *Burnet v. Spokane Ambulance*, 54 Wn. App. 162, 168, 772 P.2d 1027 (1989) (citing RCW 7.70.050). To establish a prima facie case for lack of informed consent, the plaintiff must demonstrate all of the following:

> (a) That the health care provider failed to inform the patient of a material fact or facts relating to the treatment;
> (b) That the patient consented to the treatment without being aware of or fully informed of such material fact or facts;
> (c) That a reasonably prudent patient under similar circumstances would not have consented to the treatment if informed of such material fact or facts;
> (d) That the treatment in question proximately caused injury to the patient.

RCW 7.70.050(1).

However, Klein does not identify any authority that holds that the likelihood of insurance coverage is a material fact relating to treatment. Accordingly, we presume that none exists. *21st Mortg. Corp. v. Nicholls*, 25 Wn. App. 2d 795, 806, 525 P.3d 962, *review denied sub nom. Robertson v. Residential Funding Co., LLC*, 1 Wn.3d 1023 (2023). Further, Klein did not allege, nor did she present evidence to establish that she was injured in any way by the medical treatment she received from Simmons. Because Klein did not provide evidence to support a prima facie

case of lack of informed consent, the trial court did not err by dismissing the claim on summary judgment.

III.     Patient Abandonment

Klein next avers that the trial court erred by dismissing her cause of action for patient abandonment in violation of RCW 18.32.683. Specifically, she contends that the trial court misread Simmons' February 13, 2019 e-mail as providing referrals for a new provider when it did not do so. This argument is irrelevant. No court in Washington has ever recognized a cause of action for violation of RCW 18.32.683. Klein presents no authority indicating that RCW 18.32.683 implies a cause of action. Because there is no such cause of action as patient abandonment, the trial court properly dismissed the claim.

IV.     Consumer Protection Act

Klein also asserts that the trial court erred by dismissing her claim for violation of the CPA because, as she contends, she presented evidence of an impact on the public interest. We disagree.

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020. "To prevail in a private CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in [the conduct of] trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009).

"Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel v. Eagle Healthcare, Inc.*, 110 Wn. App. 290, 298, 38 P.3d 1024 (2002).

"Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 790, 719 P.2d 531 (1986)). Where, as here, a complaint involves a private dispute concerning the provision of professional services, factors indicating public interest include the following:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining positions?

*Id.* at 790-91. Ultimately, "it is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Id.* at 790.

Klein did not present any evidence to establish that her private dispute with Simmons had any effect on the public interest. The only evidence Klein offered to demonstrate a public interest impact were a handful of poor online reviews of Simmons. In addition to constituting inadmissible hearsay under ER 802, none of the situations described in the reviews bear any resemblance to what Klein alleges to have experienced. Contrary to Klein's assertion, the public interest element of a CPA claim is not satisfied merely because the business or industry as a whole is of public importance. Rather, the plaintiff must instead demonstrate that "the *challenged acts or practices* affect the public interest." *Dix v. ICT Grp., Inc.*, 160

Wn.2d 826, 837, 161 P.3d 1016 (2007) (emphasis added). Because Klein failed to make this showing, the trial court did not err by dismissing her CPA claim on summary judgment.

V.    Unjust Enrichment

Klein avers that the trial court erred by dismissing her unjust enrichment claim. More directly, Klein contends that she presented evidence of unfair business practices that prohibited her from making a rational decision, which rendered the services performed of "no value" to her. We disagree.

To establish a prima facie claim for unjust enrichment, the plaintiff must demonstrate the following elements: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 484-85, 191 P.3d 1258 (2008). A claim for unjust enrichment exists only in the absence of an actual contract. *Id.* at 484.

Klein does not address any of the elements of an unjust enrichment claim in her brief. She cites no authority for her contention that the Face CT scan Simmons performed was completely valueless. We will not consider arguments unsupported by authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Even if we were to consider Klein's claim on its merits, her acknowledgement of the existence of a contract with Simmons

precludes her claim for unjust enrichment.[3] The trial court did not err by dismissing this cause of action.

VI.     Negligent Infliction of Emotional Distress

Finally, Klein asserts that the trial court erred by dismissing her claim for negligent infliction of emotional distress. She contends that the stress she endured exacerbated her TMJ, satisfying the requirement to show objective symptomology. We disagree.

A plaintiff asserting a claim for negligent infliction of emotional distress must show all of the elements of a negligence claim—duty, breach, causation, and damages—plus objective symptomology of the claimed distress. *Kumar v. Gate Gourmet, Inc.*, 180 Wn.2d 481, 505, 325 P.3d 193 (2014). Klein satisfies none of these elements.

Klein repeatedly declares in her briefing to this court that Simmons had various duties under the law. However, the nonmoving party in summary judgment proceedings may not simply rely on their own argument or conclusions to satisfy their burden; our case law is clear that "[c]onclusory statements and speculation will not preclude a grant of summary judgment." *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 169, 273 P.3d 965 (2012). In neither her response to summary judgment nor her brief on appeal does Klein cite any *legal authority* or provide any evidence that Simmons possessed a duty under the law to ensure that Klein's insurance would cover all services provided. Further, Klein provides no

---

[3] Although Klein repeatedly refers to a "breach of contract" in her brief, she did not assert a claim for breach of contract in her complaint.

evidence that she suffered any injury as the result of Simmons' actions. The only mention of Klein's stress or exacerbation of her TMJ is in her first amended complaint. A nonmoving party cannot rely on allegations in their pleadings in response to a motion for summary judgment. *Young v. Key Pharm.*, 112 Wn.2d at 225. Klein was required to present actual evidence to support her claim and she failed to do so. As such, the trial court did not err by dismissing her claim for negligent infliction of emotional distress.

Klein did not present a prima facie case on any of her claims. The trial court did not err in granting summary judgment to Simmons.[4]

Affirmed.

_____
Hazel, ACJ

WE CONCUR:

_____        _____
Bowman, J                                          Dwyer, J

_____

[4] On March 26, 2024, Klein filed an "Addendum to Brief and Reply Brief" which discussed and provided information from other litigation unrelated to her suit against Simmons. Because those matters are outside the scope of this appeal, we decline to consider them.